UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 16-cr-60260-BLOOM

UNITED DATES OF AMERICA,

vs.

ALIN BAMBALOI

Defendant

_____/

## DEFENDANT COUNSEL'S (AMENDED) MOTION TO WITHDRAW AS ATTORNEY OF RECORD

After conferring with the United States Attorney in Fort Lauderdale, Florida, they could not agree with the undersigned's attorney Unopposed Motion to Withdraw as Attorney of Record previously filed today until the Defendant retains new counsel and the court agrees to the substitution, or the court determines it is acceptable for the defendant to proceed Pro se.

Therefore, the undersigned attorney files this **Amended Motion to Withdraw as Attorney of Record** Pursuant to S.D. Fla. L.R. 7.1 and 11.1, and Rule 4-1.16(b) of the Rules Regulating the Florida Bar, The Tripodi Law Firm, P.C., John J. Tripodi, Esq. hereby files this Motion to Withdraw as Counsel for Defendant Alin Bambaloi and, in support thereof, states as follow:

The undersigned attorney conducted multiple *in person conversations* with the defendant's family in Houston, Texas during the month of December 2021. The Defendant's family hired the undersigned attorney for the defendant during the first week of January 2022. As a result of the Covid-19 Restrictions, it was several weeks until the attorney of record could meet face-to-face with the defendant.

1

Since the defendant only speaks Romanian with a substandard level of the Spanish language, a Romanian translator *licensed by the federal courts* and approved by the Federal Bureau of Prisons, met with the defendant and counsel for approximately (3) three hours during the month of January 2022. The defendant was informed by counsel that all information provided by him must be truthful and that at any time the defendant commits a *falsehood,* the attorney *would withdraw* with permission of the Court.

As a result of multiple quarantines in Houston, Texas and Oklahoma, the undersigned attorney was not able to interview the defendant until the morning of April 12, 2022. Again, the undersigned counsel hired a Romanian translator licensed by the federal courts and the *only licensed Romanian Translator for State Courts in the State of Florida*. Since the charges against the defendant were severe, the undersigned attorney wanted to be assured that each sentence would be translated accurately for the defendant. At this interview, all evidence provided by the United States Attorney office was discussed with the Defendant. The defendant was informed for the **2nd time** <u>that any *falsehoods* would interfere with this case, and this includes information in the United States and other countries along with information from Interpol.</u>

The undersigned attorney provided all the information available but explained to the defendant that **Confidential Information** could not be released to him or any family members. Defendant was dissatisfied with the Plea Agreements reached by other defendants which were most similar to his case. Counsel explained that he would be meeting with the United States Attorney in the city of Fort Lauderdale, Florida at 1:00 PM on the same day. After that meeting, counsel would provide all the information to family members chosen by the defendant to have access but there would be no access to confidential information as set forth by the Court.

The US Attorney and Counsel discussed the case for approximately (2) two hours which included Federal Sentencing Guidelines and an approximation for the Defendant's conduct during the year 2015 with an Indictment in 2016.

On April 13, 2022, all information provided to the defendant was given to his brother, sister-in-law, cousin and girlfriend (cousin and girlfriend are fluent in both Romanian and English) living in Houston, Texas. Family members became dissatisfied with the initial sentencing recommendation. On April 14, 2022, the same information was provided in (3) three *summary documents* and sent by email to the defendant's approved family members so there was no misunderstanding of the facts and evidence in the case.

The United States Attorney and the undersigned counsel exchange several emails discussing the Federal Sentencing Guidelines along with the Probation Department Sentencing Recommendations structure. There were also several telephone conversations. On April 14, 2022, there was an agreement for both the US Attorney and the undersigned counsel to review Federal Sentencing Guidelines and discuss them on Monday, April 18, 2022. On Monday, April 18, 2022, the United States Attorney and the attorney for the defendant reached a *tentative Joint Resolution* Agreement with a REDUCED sentence based on the Federal Sentencing Guidelines.

The undersigned counsel opined the Joint Resolution would be in the best interest of the defendant and was equitable. The brother, sister-in-law and cousin stated the defendant informed them this was not an acceptable outcome and would like a reduced Sentence. I informed the family that my office would continue to do research to determine if there was a possibility of a reduced sentence, but the United States Attorney would most likely not change their position.

Again, the family requested **confidential information** from the voluminous all-encompassing record provided by the United States Attorney. The family members confirmed that the request for confidential information was from the defendant. After further review of the evidentiary record in the United States and Europe, the undersigned attorney determined that a portion of the information provided by the defendant to the attorney *lacked trustworthiness.*

On April 19, 2022, the undersigned attorney started to receive *multiple voicemails* from attorneys located in Miami, Florida claiming to be the defendant's new Attorney. In the later afternoon of April 19, 2022, the undersigned attorney attempted to contact all the family members and was unable to do so. On today's date, April 20, 2022, the family is not communicating with the undersigned counsel and has *blocked all* **phone calls.**

## MEMORANDUM OF LAW

Pursuant to Florida RULE 4-1.16 DECLINING OR TERMINATING REPRESENTATION, the undersigned attorney requests permission of the Court to withdraw as attorney of record. Under RULE 4-1.16 (b)(1) withdrawal is permissible if it can be accomplished without material adverse effect on the interests of the client.

The Client's in the process of interviewing other attorneys for the case, and thus there is no material adverse effect on the interests of the client. Under (b)(2) the attorney can withdraw if, the client insists upon taking action that the lawyer considers repugnant, imprudent, or with which the lawyer has a fundamental disagreement. The defendant is making an imprudent decision in rejecting the Joint Resolution and the attorney has a fundamental disagreement with this action because this offer may be only *available* for a few weeks since the case began in 2016. Without the United States Attorney's Offer to dismiss certain charges, the sentencing guideline could be much higher and *double the current offer* if the defendant does not act in a timely manner. The defendant and family members have given every indication their position is that a higher sentence would be the fault of the undersigned attorney. Under (b)(3), the attorney may withdraw if the client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled. The attorney informed the defendant and the family members that *confidential information* would not be released but they insist on requesting confidential information. The defendant and family members have been warned that continued requests for confidential information would result in the attorney withdrawing from the case. Under (b)(4), the attorney may withdraw if the representation will result in an unreasonable financial burden on the lawyer. As a result of the Covid-19 Pandemic, the undersigned attorney agreed to represent the defendant/client for 50% of the general legal fee required for complete representation in a Federal Court.

The family has refused to pay the agreed legal fee. In an effort to make sure the defendant *did not go unrepresented by counsel*, the undersigned attorney paid for all of the travel expenses from Houston, Texas to Miami Florida and for payment of the *specialized Romanian Translators* in Houston, Texas and Miami, Florida. The actions and verbal communication by the defendant and the family members clearly indicate that they are requesting multiple court appearances without legal compensation. The undersigned attorney was not hired pro bono and agreed to a reduced rate.

Furthermore, the US Attorney's office has informed the undersigned counsel that the case will move very quickly, and the offer is for a *short period of time* followed by a Trial. The defendant and the family do not want a Trial, but their verbal communications and actions could force a Trial resulting in a considerably lengthier prison sentence. The undersigned attorney cannot *diligently and zealously* represent the client because the *lack of trustworthiness* and continued rejection of the attorney's legal explanations. As a result of the *lack of communication or understanding* by the defendant and the family, it places the undersigned attorney at risk for legal malpractice.

**WHEREFORE**, the undersigned counsel respectfully requests that this Court enter an Order: (a) Granting this Motion; (b) Authorizing John J. Tripodi, Esq., and The Tripodi Law Firm, P.C., to withdraw as counsel of record for Defendant Alin Bambaloi; (c) Relieving John J. Tripodi, Esq., and The Tripodi Law Firm, P.C, of any and all further obligations on behalf of Defendant Alin Bambaloi in this action; (d) Providing Defendant Alin Bambaloi with at least thirty (30) thirty days to retain successor counsel before any additional pretrial deadlines are imposed upon him.

Respectfully submitted,

_/s/ John_

The Tripodi Law Firm, P.C.
John J. Tripodi, Esq.
FLORIDA Bar No. 74427
Address: 440 Louisiana Street
Suite #900
Houston, Texas 77002
Tel: (713) 474–7702
Fax: (281) 516-5529
Email: John@Tripodilawfirm.com.

April 20, 2022

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 20, 2022, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. Filing was also completed by email on Adam M. Hapner, Assistant United States Attorney, Florida Bar No. 112006, United States Attorney's Office, 500 East Broward Blvd.,7th floor, Fort Lauderdale, Florida 33394, (786) 761-3142, Adam.Hapner@usdoj.gov. On April 20, 2022, A copy of this Unopposed Motion To Withdraw As Attorney of Record was mailed by the by the United States Postal Service to the Defendant at the Miami Bureau of Prisons located at 33 NE. 4th Street., Miami, FL 33132.

_____
John J. Tripodi (Attorney for Defendant)